UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LINDA HADEN, | § |
| Plaintiff, | § |
| | § |
| v. | §   Civil Action No.: 1:08-CV-384-WKW |
| | § |
| EMERALD COAST RV | §   JURY DEMAND |
| CENTER, L.L.C., | § |
| FREEDOM ROADS, L.L.C. | § |
| Defendants | |

## COMPLAINT

### INTRODUCTION

1.   This is an action for legal and equitable relief to redress unlawful sex discrimination, harassment and retaliation perpetrated against the plaintiff by her employer. Suit is brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e *et. seq.*, as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981a (hereinafter "Title VII") and Alabama state law. The plaintiff requests a trial by jury of all issues so triable.

### JURISDICTION

2.   Jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343 (a) (4), and 42 U.S.C. § 2000e-5. Supplemental jurisdiction is appropriate pursuant to 28 USC §1367.

3.   Defendants, Emerald Coast RV Center, L.L.C. (hereinafter "Emerald Coast or dealership") and Freedom Roads, L.L.C. (hereinafter "Freedom Roads") do business in Houston County, Alabama where a substantial part of the events and omissions giving rise to the plaintiff's claim occurred. Therefore, venue is proper pursuant to 28 U.S.C. §1391(b) and 42 U.S.C. § 2000e-5.

## ADMINISTRATIVE PREREQUISITES

4.     The plaintiff has met all administrative conditions precedent for filing this case under Title VII.  She timely filed a charge with the Equal Employment Opportunity Commission and is filing this suit within 90 days of receiving notice of her right to sue.

## PARTIES

5.     The plaintiff, Linda Haden, is a female citizen of the United States over the age of nineteen (19) years and, at all relevant times herein, has been a resident citizen of the State of Alabama.

6.     Defendant, Emerald Coast is an RV dealership which employs more than 15 people and is thus an employer for the purposes of Title VII and, at all relevant times herein, was an employer of the plaintiff. Emerald Coast is also a subsidiary of Freedom Roads, L.L.C.

7.     Defendant, Freedom Roads, L.L.C. (hereinafter "Freedom Roads") is also a joint employer of the plaintiff because it has more than 15 employees, provides management services for the dealership and directs the work of dealership employees including the general manager. Freedom Roads was also responsible for defining and enforcing the dealership's harassment and discrimination policy.  It authorized certain agents to receive harassment and discrimination complaints on its behalf and provided human resource support to include human resource investigations.

## STATEMENT OF FACTS

8. At the time of plaintiff's termination on August 3, 2007, the plaintiff had worked for Emerald Coast for approximately six years as a sales person. Her work performance was good and she was considered one of the top people in sales.

9. In June 2007, there were a number of incidents of sexual harassment which were directed at plaintiff by John Farish, a co-worker. These incidents included lewd comments, grabbing his crotch, invitations to have sexual relations, comments about plaintiff's appearance, the way she smelled and other frequent sexual remarks and gestures which were offensive and humiliating to the plaintiff. Farish was also an intimidating individual who used foul language and bragged about being a Marine. He threatened physical violence and had been known to get into physical altercations. The unwelcome sexual conduct directed at the plaintiff unreasonably interfered with plaintiff's work performance and caused an intimidating, hostile and offensive work environment which was severe enough to alter the terms and conditions of the plaintiff's employment.

10. Consistent with the Freedom Road's established procedure, Plaintiff reported the sexual harassment to the General Manager, Kimberlee McPherson who was the person with the highest level of authority at the dealership. Ms. McPherson said that she would take care of the complaint, but told plaintiff never to tell anyone or plaintiff might get hurt.

11. On July 17 and 18, 2007, representatives from Freedom Roads Human Resource Department were at the dealership to conduct an investigation, but plaintiff was not interviewed. To plaintiff's knowledge, nothing was ever done about her complaints of sexual harassment.

12. During this human resource investigation, Farish called plaintiff into his office and stood between her and the doorway. He was clearly angry and was red faced and shaking. He stood close to her and threatened her by saying that he knew she had been talking about him and that if she said a word to anyone in management, or went to see his wife or daughter that he would "take care" of her.

13. Plaintiff reported these threats to Ms. McPherson on July 20, 2007. Ms. McPherson again said that she would look into it. On July 30, 2007, Ms. McPherson told plaintiff to drop her complaint because McPherson said that she had dropped it. On August 3, 2007, plaintiff was terminated without prior warning or justification.

14. The plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein, and this suit for a declaratory judgment, injunctive and equitable relief, lost compensation and benefits, mental anguish, compensatory and punitive damages is her only means of securing adequate relief.

15. The plaintiff is now suffering and will continue to suffer irreparable injury from defendants' unlawful policies and practices as set forth herein unless enjoined by this Court.

### COUNT I
### SEXUAL HARASSMENT AND DISCRIMINATION - TITLE VII
### Emerald Coast and Freedom Roads

16. The plaintiff realleges and incorporates by reference paragraph 1-15 above with the same force and effect as if fully set out in specific detail herein below.

17. The plaintiff, as a female, is a member of a class protected by Title VII.

18. She was subjected to an ongoing pattern of unlawful and unwelcome sexual harassment in violation of Title VII. The harassment was sufficiently frequent, pervasive,

4

severe, degrading and intimidating so as to alter the conditions of the plaintiff's employment and create a discriminatory and hostile work environment.

19. Defendants knew or should have known of the harassing conduct and failed to take preventative or corrective action, but instead made submission to the unwelcome sexual conduct a term or condition of plaintiff's employment and/or was used as a basis for employment decisions which affected the plaintiff to her detriment.

20. As a proximate result of the foregoing acts and omissions of the defendants, the plaintiff has been caused to suffer damages including without limitation loss of earnings, benefits, and other pecuniary loss. She has also suffered severe emotional distress, anguish, humiliation, embarrassment, fright, and anxiety.

21. Defendants' conduct herein was willful, intentional and in conscious disregard of plaintiff's rights and therefore justifies an award of punitive and exemplary damages in an amount to be determined at trial. Plaintiff is also entitled to attorneys' fees and costs as provided by law.

## COUNT II
## RETALIATION IN VIOLATION OF TITLE VII
### Emerald Coast and Freedom Roads

22. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 15 as set forth above.

23. The plaintiff engaged in protected conduct by opposing the unlawful sexual harassment, hostile work environment and conduct made unlawful by Title VII.

24. As a proximate result of her opposition, the defendants discriminated against the plaintiff and took a materially adverse employment action against her in violation of 42 U.S.C.

§2000e-3 by attempting to dissuade her from making any further complaint, by failing to protect her from retaliatory threats by the harasser and, ultimately, by terminating her for her opposition to the protected activity.

25. As a proximate result of the foregoing acts and omissions of the defendants, the plaintiff has been caused to suffer damages including without limitation loss of earnings, benefits, and other pecuniary loss. She has also suffered severe emotional distress, anguish, humiliation, embarrassment, fright, and anxiety.

26. Defendants engaged in and condoned such acts in a willful, malicious, intentional and oppressive manner with willful and conscious disregard of the plaintiff's rights, thereby justifying an award of punitive and exemplary damages in an amount to be determined at trial. Plaintiff is also entitled to reasonable attorneys' fees and costs of suit as provided by law.

## COUNT III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (TORT OF OUTRAGE)
## Emerald Coast and Freedom Roads

27. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 15 as set forth above.

28. Defendants willfully engaged in extreme and outrageous conduct by intentionally permitting the plaintiff to be subjected to unwelcome sexual advances, abuse, harassment, threats, intimidation and retaliation.

29. As a proximate result of these acts and omissions of the Defendants, plaintiff has been caused to suffer damages including loss of earnings and benefits, attorneys' fees, costs and other pecuniary loss. She has also suffered severe emotional distress, anguish, humiliation, embarrassment, fright, and anxiety. Because of the willful and malicious manner of the

misconduct, plaintiff also seeks punitive and exemplary damages in on amount to be determined at trial.

## COUNT IV
## NEGLIGENT TRAINING AND SUPERVISION
### Emerald Coast

30. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 15 as set forth above.

31. Defendant, Emerald Coast, had a duty to protect the plaintiff from employees whom they knew, or should have known, created a risk of injury to her by means of unlawful conduct.

32. Emerald Coast breached such duty by hiring and/or retaining Farish, when it knew or should have known with reasonable diligence that Farish would likely cause unlawful harm to the plaintiff. Emerald Coast also was negligent in failing to properly train and supervise Farish to prevent such unlawful conduct.

33. Emerald Coast also negligently breached its duty by retaining General Manager, Kimberlee McPherson when it knew or should have known with reasonable diligence that McPherson would likely cause harm to the plaintiff by engaging in unlawful conduct. Emerald Coast also negligently failed to supervise and train McPherson to avoid such unlawful conduct.

34. As a proximate result of the acts and omissions of the Defendant, Emerald Coast, plaintiff has been caused to suffer damages including loss of earnings and benefits, attorneys' fees, costs and other pecuniary loss. She has also suffered severe emotional distress, anguish, humiliation, embarrassment, fright, and anxiety.

## COUNT V

### NEGLIGENT TRAINING AND SUPERVISION
### Freedom Roads

35. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 15 as set forth above.

36. Defendant, Freedom Roads, had a duty to protect the plaintiff from employees whom they knew, or should have known, created a risk of injury to her.

37. Freedom Roads negligently breached its duty by retaining General Manager, Kimberlee McPherson when it knew or should have known with reasonable diligence that McPherson would likely cause harm to the plaintiff by engaging in unlawful conduct. Freedom Roads also negligently failed to train and supervise McPherson to avoid such unlawful conduct.

38. As a proximate result of the negligent acts and omissions of the Defendant, Freedom Roads, plaintiff has been caused to suffer damages including loss of earnings and benefits, attorneys' fees, costs and other pecuniary loss. She has also suffered severe emotional distress, anguish, humiliation, embarrassment, fright, and anxiety.

### PRAYER FOR RELIEF

**WHEREFORE**, the plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Grant plaintiff a declaratory judgment holding that such actions of the defendants, violated and continue to violate the rights of the plaintiff as secured by Title VII.

2. Grant plaintiff a permanent injunction enjoining defendants, their agents, successors, employees, and those acting in concert with them from continuing to violate Title VII.

3. Grant the plaintiff an Order requiring the defendants to make the plaintiff whole by awarding her back pay, interest, other lost income and benefits including front pay and benefits, compensatory, punitive and /or nominal damages in compensation for the harm she suffered.

4. The plaintiff prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

Respectfully submitted this 21 day of May, 2008.

/s/ Elizabeth B. Glasgow
Elizabeth B. Glasgow – ASB-8348-S58E
Joel Weatherford – ASB-9015-R71J
Farmer, Price, Hornsby & Weatherford, L.L.P.
100 Adris Place (36303)
Post Office Drawer 2228
Dothan, Alabama 36302
Tel:   334/793-2424
Fax:   334/793-6624

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY ON ALL ISSUES TRIABLE TO A JURY.**

/s/ Elizabeth B. Glasgow
Elizabeth B. Glasgow - ASB-8348-S58E

**SERVE DEFENDANTS AT:**

Emerald Coast RV Center, L.L.C.
c/o The Corporation Company, Registered Agent
2000 Interstate Park Dr., Suite 204
Montgomery, AL 36109

Freedom Roads, L.L.C.
2 Marriott Drive
Lincolnshire, Illinois 60069-6700

Freedom Roads, L.L.C.
90 S. 7th Street #5500
Minneapolis, MN 55402