IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LINDA HADEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:08-CV-384-WKW |
| ) | [wo] |
| EMERALD COAST RV CENTER, L.L.C., ) | |
| FREEDOM ROADS, L.L.C., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

This case is before the court on Defendants' Unopposed Motion to Stay the Proceedings and Compel Arbitration (Doc. # 8), which for the following reasons, is due to be granted.

Plaintiff Linda Haden ("Haden") filed suit alleging sex discrimination, harassment, and retaliation by her employer, Defendant Emerald Coast RV Center, L.L.C. ("Emerald Coast"), which is a subsidiary of Defendant Freedom Roads, L.L.C. ("Freedom Roads"). (Compl. ¶¶ 1, 6.) After six years of employment, Haden was terminated on August 3, 2007. (*Id.* ¶ 8.) Approximately two and a half years earlier, on March 10, 2005, Haden signed an arbitration agreement, which requires Haden to submit any dispute, claim, or controversy arising from her employment with Emerald Coast to arbitration. The agreement explicitly includes "claims for discrimination or other employment -related claims" and "claims for violation of any federal . . . law . . . based on . . . Title VII of the [C]ivil Rights Act of 1964 . . . ." (McPherson Decl. Ex.1 ¶ 2.)

Pursuant to the Federal Arbitration Act ("FAA"), a written arbitration "provision in any . . . contract evidencing a transaction involving commerce . . . [is] valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA establishes "'a federal policy favoring arbitration.'" *Battels v. Sears Nat'l Bank*, 365 F. Supp. 2d 1205, 1211 (M.D. Ala. 2005) (quoting *Shearson/American Exp., Inc. v. McMahon*, 482 U.S. 220, 226 (1987)). Despite this pro-arbitration policy, arbitration is nonetheless a matter of contract, and a party cannot be forced to submit to arbitration any claim she has not agreed to arbitrate. *Id.* (citing *United Steelworkers v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 582 (1960)). The FAA provides that, "upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4. If a lawsuit in federal court has been brought "upon any issue referable to arbitration under an agreement in writing for such arbitration," the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3.

The court finds that the agreement evidences a transaction involving interstate commerce, and the FAA is applicable here. There appears to be no dispute as to the making of the agreement, as Haden does not contest an order to compel arbitration. Accordingly, it is ORDERED that:

1. Defendants' Unopposed Motion to Stay the Proceedings and Compel Arbitration (Doc. # 8) is GRANTED;

2. The parties shall proceed to arbitration in accordance with the terms of the agreement;

3. This action is STAYED pending arbitration;

4. The plaintiff shall file a jointly prepared report regarding the status of the arbitration proceedings **on or before October 1, 2008**, and every ninety (90) days thereafter, until this matter has been resolved.

DONE this 24th day of June, 2008.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE